# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A, <br><br>   Plaintiff, <br><br>vs. <br><br>SAMUEL R. BAILEY; PETE G. AGUILAR; DOES 1 through 10, inclusive <br><br>   Defendant. | Case No. 2:14-cv-00885-JCM-GWF <br><br>**ORDER** <br><br>**Motion to Extend Time to Serve Complaint - #6** |

  This matter is before the Court on Plaintiff's Motion to Extend Time to Serve the Complaint Upon Samuel R. Bailey and Pete G. Aguilar (#6), filed October 6, 2014.

  Pursuant to Fed. R. Civ. P. 6(b) and LR 6, extensions of time may be granted for good cause shown. Furthermore, pursuant to Fed. R. Civ. P. 4(m), service must be completed within 120 days after the complaint is filed unless the plaintiff shows good cause for the failure to serve, to which the Court must extend the time for service for an appropriate period. The service deadline in this case was October 3, 2014. Plaintiff provided proof that it attempted to serve the Defendants multiple times between October 1 and October 3. Plaintiff has been unsuccessful in service so far, and has demonstrated good cause to grant an extension for the time to serve.

  Plaintiff also petitions the Court for leave to serve Defendants by publication. Pursuant to Fed.R.Civ.P. 4(e), service of summons by publication is governed by the law of the state in which the District Court is located. Nevada Rule of Civil Procedure 4(e)(1)(I) provides that the Court may permit service by publication if, after demonstration of due diligence, the plaintiff is unable to find the defendant within the state or the plaintiff shows that defendants are within the state but avoiding the service of summons. The plaintiff must prove this to the satisfaction of the court either by affidavit or by a verified complaint. The question of due diligence is within the court's

discretion as there is no objective, formulaic standard for determining what is, or is not, due diligence under Nevada law. *Abreu v. Gilmer,* 985 P.2d 746, 749 (Nev. 1999).

      Plaintiff argues that despite its best efforts, it has been unable to effect personal service of process on Defendants Bailey and Aguilar. *See Doc. #6.* Pursuant to the Affidavit of Due Diligence *(Doc. #6* at Exhibit 1) attached to Plaintiff's motion, a process server attempted service on Defendant Bailey at his last known address in Las Vegas, Nevada, on October 1, 2014 at 5:56 P.M. The perimeter gate was locked, and the server never reached the door. *Id.* Another attempt was made on October 2, 2014, at 8:10 P.M. The gate was still locked, and the server could not reach the door, though the windows were open and he could hear a dog barking inside. *Id.* The server then attempted to serve Defendant Bailey at High Desert Petroleum, Inc., on October 3, 2014 at 11:04 A.M. The server was turned away, as the Defendant was not available and does not keep set hours. *Id.* Another attempt was made at 369 N. 13th St., Las Vegas, NV, on October 3, 2014, but the server was told no one knew the Defendant at that address. *Id.* A final search was made via the Assessor's Office, United States Postal Service, Clark County Voter Registration, Local Telephone Directory, and National Proprietary Non-Public Databases, all of which failed to provide an alternative address. *Id*. Based on these facts, Plaintiff has demonstrated that despite its due diligence, Plaintiff is unable to find or serve Defendant Bailey.

      Plaintiff claims it has attempted to serve Defendant Aguilar at his home address, but it has been foreclosed on. *Dkt. #6, p.3*. Plaintiff has contacted Defendant's attorney to attempt to learn his address, but were unsuccessful. *Id.* Plaintiff has not shown, however, that it has conducted a reasonable investigation to determine Defendant's current place of residence such that personal service may be made upon him. This is insufficient to constitute due diligence. Accordingly,

      **IT IS HEREBY ORDERED** that Plaintiff's Motion to Extend Time to Serve (#6) is **granted**. Plaintiffs shall have sixty (60) days from the date of this order to serve the complaint upon the Defendants.

      **IT IS FURTHER ORDERED** that Plaintiff's Motion for Service by Publication (#6) is **granted** as to Defendant Samuel R. Bailey. Defendant Samuel Bailey may be served by Plaintiff through publication. Plaintiff shall publish the summons and complaint at least once a week for

four (4) consecutive weeks in a newspaper of general circulation published in Clark County, Nevada. Plaintiff must also mail by U.S. Post Office a copy of the summons and complaint to Defendant Bailey's last known residence pursuant to N.R.S. 4(e)(1)(iii).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Service by Publication (#6) for Defendant Pete G. Aguilar is **denied** without prejudice.

DATED this 9th day of October, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge