UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICA, N.A., <br><br> Plaintiff(s), <br><br> v. <br><br> SAMUEL R. BAILEY, et al., <br><br> Defendant(s). | Case No. 2:14-CV-885 JCM (GWF) <br><br> ORDER |

Presently before the court is defendant Samuel Bailey's motion to dismiss and to expunge lis pendens. (Doc. # 9). Plaintiff Bank of America, N.A., ("BOA") filed a response, (doc. # 21), and defendant filed a reply, (doc. # 24).

**I.    Background**

The instant action is a dispute over deeds of trust encumbering real property located at 4850 Impressario Court, Las Vegas, Nevada 89149 ("the Impressario property").

On December 17, 2008, then-owner Paul Aguilar (a named defendant) refinanced the Impressario property through Countrywide Bank, FBS, ("Countrywide") for $400,000.00. Countrywide secured its loan via a deed of trust recorded against the property on December 17, 2008.

On January 23, 2010, Aguilar refinanced the Impressario property by obtaining a loan for $396,459.00 from BOA. Aguilar used the loan proceeds to satisfy the outstanding balance owed on the Countrywide loan. The BOA loan was secured via a deed of trust, which BOA did not

**James C. Mahan**
**U.S. District Judge**

immediately record in the official records.[1] Countrywide recorded a substitution of trustee and reconveyance on February 2, 2010.

On June 25, 2010, Silver State Steel Group, Inc., ("Silver State") obtained a small business loan from Meadows Bank for $500,000.00. Aguilar and Bailey are the two largest shareholders of Silver State. In addition to granting Meadows Bank a security interest in Silver State's assets, Aguilar offered additional security for the loan in the form of a deed of trust recorded against the Impressario property.

On November 17, 2010, Aguilar again refinanced the Impressario property by obtaining a loan from Franklin America Mortgage Company ("Franklin") in the amount of $397,475.00. Aguilar used the loan proceeds to satisfy the outstanding balance owed on the BOA loan. The Franklin loan was secured by a deed of trust recorded against the property on December 1, 2010.

On December 13, 2012, Franklin assigned its rights and interests in its deed of trust to BOA through an assignment. On June 6, 2013, Meadows Bank assigned its rights and interests in its deed of trust to Bailey through an assignment.

Plaintiff filed suit on June 6, 2014. (Doc. # 1). Plaintiff requests declaratory judgment establishing that BOA's security interest is superior to Bailey's, and to quiet title on the Impressario property. Defendant filed the instant motion to dismiss for failure to state a claim and to expunge lis pendens on February 17, 2015. (Doc. # 9).

**II.     Legal Standard**

*a. 12(b)(6) motion to dismiss*

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

---

[1] BOA recorded the deed of trust on October 21, 2011.

**James C. Mahan**
**U.S. District Judge**

- 2 -

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.* at 1216.

*b. Motion to expunge lis pendens*

To survive a motion to expunge a lis pendens attached to real property, the party who recorded the lis pendens can demonstrate that it is likely to prevail on the underlying action. Nev. Rev. Stat. § 14.015. Alternatively, the recording party can demonstrate a fair chance of success on

James C. Mahan
U.S. District Judge

- 3 -

the merits and that it would suffer hardship in the event of the transfer of property that is greater than the hardship suffered by defendant resulting from the notice of pendency. *Id.*

**III.   Discussion**

*a. Motion to dismiss*

*i. Lien holder priority*

Defendant argues that plaintiff's cause of action does not state a claim upon which relief can be granted because the Meadows deed of trust was recorded before the Franklin deed of trust. Therefore, defendant argues that his interest, arising from the Meadows deed of trust, is superior to plaintiff's interest, arising from the Franklin deed of trust.

Plaintiff responds that the complaint states a claim upon which relief can be granted because plaintiff plausibly alleges a superior interest in the property through its complaint. Plaintiff contends that the doctrine of equitable subrogation applies to the instant case. Plaintiff asserts the Franklin deed of trust arose from satisfaction of a prior encumbrance that held a priority position over the Meadows encumbrance. Therefore, plaintiff argues that the Franklin deed of trust is superior to the Meadows deed of trust, as Franklin assumed the prior lien holder's priority position. Plaintiff claims that since BOA's interest arises from the Franklin deed of trust, it is superior to defendant's interest, arising from the Meadows deed of trust.

In Nevada, "[a]ny assignment of the beneficial interest under a deed of trust must be recorded." Nev. Rev. Stat. 106.210. However, prior to 2011, recordation was not a prerequisite to obtaining effective assignment of a deed of trust. *See Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 254 n.5 (Nev. 2012). "[T]he purpose of recording a beneficial interest under a deed of trust [prior to 2011 was] to provide 'constructive notice . . . to all persons.' " *Id.* at 259; *see also Foust v. Wells Fargo, N.A.*, No. 55520, 2011 WL 3298915, at *2 (Nev. July 29, 2011) ("Although a party may record a deed of trust, recordation is not necessary for the assignment to be effective and operates simply to give notice.").

Nevada is a race notice state, holding as a general rule that priority between two liens recorded by bona fide encumbrancers depends on which lien was recorded first in time. *Buhecker*

**James C. Mahan**
**U.S. District Judge**

- 4 -

*v. R.B. Peterson & Sons, Constr. Co.*, 929 P.2d 937, 939 (Nev. 1996) (citing Nev. Rev. Stat. 111.325). Nevada's statutory recording act provides,

> Every conveyance of real property within this state hereafter made, which shall not be recorded as provided in this chapter, shall be void as against any subsequent purchaser, in good faith and for a valuable consideration, of the same real property, or any portion thereof, where his or her own conveyance shall be first duly recorded.

Nev. Rev. Stat. 111.325. However, "[a] subsequent purchaser with notice, actual or constructive, of an interest in property superior to that which he is purchasing is not a purchaser in good faith, and is not entitled to the protection of the recording act." *Huntington v. Mila, Inc.*, 75 P.3d 354, 356 (Nev. 2003).

Equitable subrogation is an exception to race notice. In *Houston v. Bank of Am. Fed. Sav. Bank*, 78 P.3d 71 (Nev. 2003), the Nevada Supreme Court adopted as controlling the view of equitable subrogation illustrated in the Restatement Third of Property: Mortgages. 78 P.3d at 74; *see* Restatement Third of Property: Mortgages § 7.6. Therefore, under Nevada law,

> [A] mortgagee will be subrogated when it pays the entire loan of another as long as the mortgagee "was promised repayment and reasonably expected to receive a security interest in the real estate with the priority of the mortgage being discharged, and if subrogation will not materially prejudice the holders of intervening interests in the real estate."

78 P.3d at 74 (citing Restatement Third of Property: Mortgages § 7.6(a)(4)).

Courts assume that a refinancing mortgagee expects to receive equal priority to the mortgage being discharged. *Id.* This assumption is overcome only where there is affirmative proof that the mortgagee intended to subordinate its priority to an intervening interest. *Id.* Further, "[a]n intervening lien holder will not be materially prejudiced by the application of equitable subrogation because the intervening lien holder will remain in the same position [as before the senior obligation was discharged]." *Id.* at 74-75.

The instant motion to dismiss presents two questions: has the plaintiff offered enough information to plausibly allege that the first BOA deed of trust[2] held a priority position to the Meadows deed of trust? If so, has the plaintiff offered enough information to plausibly allege that

---

[2] The first BOA deed of trust is the deed connected to Aguilar's January, 2010, refinancing.

the doctrine of equitable subrogation imputed BOA's priority lien holder position to the Franklin deed of trust?

### A. *The BOA deed of trust*

The first BOA deed of trust was executed between BOA and Aguilar on January 23, 2010, securing Aguilar's obligations under his refinancing note. BOA did not record the deed of trust in the official records until October 21, 2011. On February 2, 2010, Countrywide filed a substitution of trustee and reconveyance related to the BOA refinancing transaction.

Prior to the revision of Nevada Revised Statute 106.210 in 2011, BOA could obtain a transferred interest in real property without the transfer being recorded. *See Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 254 n.5 (Nev. 2012). Therefore, BOA had a cognizable interest in the Impressario property prior to execution of the Meadows deed of trust on July 1, 2010. *See id.*

Plaintiff's complaint alleges that Meadows had actual knowledge of BOA's interest in the Impressario property upon creation of the deed of trust encumbering the property as collateral for the Meadows loan. Actual knowledge serves as notice of a prior interest in the property, and thus precludes Meadows's interest from assuming priority under the recording act. *See Huntington v. Mila, Inc.*, 75 P.3d 354, 356 (Nev. 2003). Taking the factual allegations in the complaint as true, it is plausible that BOA's interest in the property held priority over Meadows's interest at the time of the Meadows loan.

### B. *The Franklin deed of trust*

Aguilar refinanced his home by obtaining a loan from Franklin on November 17, 2010. The loan was secured by a deed of trust recorded on December 1, 2010. The proceeds of the loan satisfied the outstanding balance owed on the January, 2010 BOA loan.

Nowhere in plaintiff's complaint does it allege that Franklin intended to subordinate its mortgage interest to Meadows. Therefore, this court assumes that Franklin expected to receive equal priority to the BOA deed of trust when it satisfied BOA's interest in the property. *See Houston v. Bank of Am. Fed. Sav. Bank*, 78 P.3d 71, 74 (Nev. 2003). Further, Meadows was not prejudiced because it was no worse off than before the senior obligation was discharged. *See id.* at

James C. Mahan
U.S. District Judge

1  74-75. Taking the factual allegations in the complaint as true, it is plausible that Franklin's interest in the Impressario property held priority over Meadows's interest.

Plaintiff alleges that since BOA's interest in the property arises from the Franklin loan, it holds priority over Bailey's interest in the property arising from the Meadows loan. Plaintiff has stated a claim upon which relief can be granted. It is of no consequence at this stage that Bailey acquired title through a foreclosure sale. If BOA holds priority, then a sale by Bailey, as Meadows's successor, to himself would not wipe out BOA's interest. Therefore, dismissal under Rule 12(b)(6) is improper.

### *ii. Naming "Doe" defendants*

Defendant asks the court to dismiss the complaint based on the naming of "Doe" defendants. Plaintiff responds that the naming of "Doe" defendants is not alone sufficient to support dismissal of a claim.

"[W]ithin the Ninth Circuit, where fictitious pleading is certainly disfavored, *see, e.g.*, *Craig v. United States,* 413 F.2d 854, 856 (9th Cir. 1969), there is not a comprehensive prohibition. *See, e.g.*, *Lindley v. General Elec. Co.*, 780 F.2d 797, 799-800 (9th Cir. 1986). The Ninth Circuit has recognized that "situations arise . . . where the identity of alleged defendants will not be known prior to the filing of a complaint" and "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

The naming of "Doe" defendants by itself is an insufficient basis for dismissal. *See Gillespie*, 629 F.2d at 642.

### *b. Motion to expunge lis pendens*

BOA has a fair chance of success on the merits in this case, as described above. BOA would suffer serious hardship if its lis pendens were expunged, as defendant could attempt to transfer the property. If the lis pendens is expunged and defendant transfers the property, the transfer could create a bona fide purchaser and extinguish BOA's security interest, or at least result

**James C. Mahan**
**U.S. District Judge**

- 7 -

in additional litigation. Further, defendant has not described any harm resulting from continued pendency. Therefore, the court will deny defendant's motion to expunge lis pendens.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss and to expunge lis pendens, (doc. # 9), be, and the same hereby is, DENIED.

DATE July 6, 2015.

_____
UNITED STATES DISTRICT JUDGE