UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:14-CV-885 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| SAMUEL R. BAILEY, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Bank of America, N.A.'s ("BOA") motion to bifurcate trial. (ECF No. 77). Defendant Samuel R. Bailey filed a response (ECF No. 80), to which plaintiff replied (ECF No. 84).

**I.  Facts**

Plaintiff initiated the present action, requesting declaratory relief and quiet title as to its alleged first-position security interest in the real property at 4850 Impressario Court, Las Vegas, Nevada (the "property"). (ECF No. 1). Neither party has requested a jury.

Bailey then filed the following counterclaims against BOA: (1) offset; (2) unjust enrichment; (3) slander of title; and (4) attorneys' fees as special damages. (ECF No. 39).

According to BOA, dismissed co-defendant Peter Aguilar owned the property, refinancing it with a roughly $400,000.00 loan from Countrywide Bank, FSB ("Countrywide") on December 17, 2008. (ECF No. 68). This transaction was secured by a deed of trust for Countrywide that was recorded on the same day. *Id.*

On January 23, 2010, Aguilar then refinanced the property by means of a $396,459.00 loan from BOA, which satisfied the outstanding Countrywide loan. *Id.* As a result, a February 2, 2010, substitution of trustee and reconveyance was recorded. *Id.*

**James C. Mahan**
**U.S. District Judge**

Plaintiff asserts that a first deed of trust on the property secured the BOA loan. *Id.* Importantly, plaintiff indicates that the deed of trust was executed by Aguilar on January 23, 2010, but it was not recorded until October 21, 2011. *Id.*

In the meantime, Aguilar and Bailey allegedly acted as principals of Silver State Steel Group, Inc. in the course of that entity's acquisition of a Small Business Administration ("SBA") loan from Meadows Bank ("Meadows"). (ECF No. 70).

Plaintiff asserts that "Aguilar and Bailey additionally each personally guaranteed the SBA Loan. As additional collateral for the SBA Loan, Aguilar granted Meadows a second-position Deed of Trust . . . on the Property, which was recorded on July 1, 2010." (ECF No. 68 at 4) (citations omitted). Plaintiff alleges that Bailey and Meadows had actual knowledge of the BOA loan and unrecorded deed of trust. *Id.*

Next, Aguilar received a loan from Franklin America Mortgage Company ("Franklin"). (*Id.*). That "[l]oan was secured by a First Deed of Trust recorded against the Property on December 1, 2010." *Id.* at 5. This loan was "used to fully satisfy the outstanding balance owed on the BOA Deed." *Id.*

On December 13, 2012, Franklin assigned its deed of trust to BOA. *Id.* Thereafter, "Bailey . . . acquired an assignment of Meadows' right, title, and interest on June 6, 2013." (ECF No. 71 at 6).

On September 3, 2013, defendant Bailey recorded a notice of default and election to sell. *Id.* On May 14, 2014, defendant recorded a notice of sale. *Id.* Plaintiff initiated the instant action on June 6, 2014, requesting a declaratory judgment that its security interest in the property, stemming from the Franklin deed of trust, "is superior to and holds priority over the Meadows Deed of Trust." (ECF No. 1 at 4). Finally, "Bailey acquired a Trustee's Sale Deed to the Property on September 9, 2014." (ECF No. 70 at 5).

Plaintiff and defendant filed cross-motions for summary judgment on their claims. (ECF Nos. 68, 70). On June 22, 2017, this court granted in part and denied in part plaintiff's motion, and denied defendant's motion. (ECF No. 76). The court held that a dispute of fact exists

concerning whether Franklin's expectation of subrogation at the time of discharge of the original BOA deed of trust was reasonable. (ECF No. 76 at 7–8).

## II. Legal Standard

Federal Rule of Civil Procedure 42(b) grants courts the authority to "order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Courts may order separate trials to achieve "convenience, to avoid prejudice, or to expedite and economize" the proceedings. *Id.* Decisions regarding bifurcation are left to the trial court's discretion. *Hirst v. Gertzen,* 676 F.2d 1252, 1261 (9th Cir. 1982).

## III. Discussion

Plaintiff's motion to bifurcate requests that the court to conduct a trial in this case in two separate phases. The first phase would consider plaintiff's allegation of equitable subrogation and plaintiff's claim for quiet title. (ECF No. 77). The second phase would consider defendant's claims for offset and unjust enrichment (and any resulting relief). *Id.* Plaintiff stresses economic and practical considerations in support of its motion. *Id.*

Defendant objects to bifurcation. (ECF No. 80). Defendant asserts that plaintiff has attempted to foreclose on the property during the pendency of the action. *Id.* at 5. Defendant believes that if plaintiff obtains a favorable ruling in the first phase of trial, plaintiff will foreclose on the property and leave defendant without adequate legal or equitable remedies. *Id.* Defendant also argues that he is entitled to assert his equitable defenses and counterclaims prior to a determination of BOA's claims.[1] *Id.* Defendant suggests that if the court is inclined to bifurcate the trial, that the first phase of the trial should "simply . . . determine the issue identified in its June Order of whether Franklin's belief [that it obtained a security interest with the same priority as the interest being discharged] was reasonable." *Id.* at 6.

---

[1] Defendant's response suggests that its counterclaims would entitle it to some sort of offset against BOA's interest in the property. (ECF No. 80). As plaintiff notes in its reply, if plaintiff prevails on its quiet title claim then defendant's counterclaims would not affect the priority status of plaintiff's lien or the amount of such lien. They would simply entitle defendant to a money judgment. (ECF No. 84).

James C. Mahan
U.S. District Judge

- 3 -

The court will deny the motion to bifurcate. The trial of both claims in the same proceeding is the most efficient and appropriate way to resolve the disputed claims. The movant has not shown that trial of the case in two separate proceedings is appropriate.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to bifurcate trial (ECF No. 77) be, and the same hereby is, DENIED.

DATE September 21, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -